John Badger, Chief Counsel Department of Social and Rehabilitation Services Docking State Office Building, Room 530 915 S.W. Harrison Street Topeka, Kansas 66612
Dear Mr. Badger:
You request our opinion regarding the responsibilities of law enforcement and the Secretary of the Kansas Department of Social and Rehabilitation Services (SRS) when a child appears to be in need of care pursuant to the Kansas Code for Care of Children, K.S.A. 38-1501 et seq. (Code), before any court order is issued awarding protective or temporary custody.
Before addressing your queries, we review the statutes that address when a child may be taken into physical custody by law enforcement and to whom the child is delivered prior to the issuance of a court order that awards protective or temporary custody.
K.S.A. 38-1524(a) provides, in part:
 "When a report to a law enforcement agency indicates that a child may be harmed, the law enforcement agency shall promptly initiate an investigation. If the law enforcement officer reasonably believes the child will be harmed, the officer shall remove the child from the location where the child is found as authorized by K.S.A. 38-1527. . . ."
K.S.A. 1997 Supp. 38-1527(b) provides, in part:
 "A law enforcement officer may take a child under 18 . . . into custody when the officer has probable cause to believe that the child is a child in need of care and that there are reasonable grounds to believe that the circumstances or condition of the child is such that continuing in the place or residence in which the child has been found or in the care and custody of the person who has care or custody of the child would be harmful to the child."
Once a law enforcement officer has taken physical custody of the child, K.S.A. 1997 Supp. 38-1528 provides direction to the officer concerning where to place the child. K.S.A. 1997 Supp. 38-1528 provides, in part:
 "(a) To the extent possible, when any law enforcement officer takes into custody a child under the age of 18 years, without a court order, the child shall forthwith be delivered to the custody of the child's parent or other custodian unless there are reasonable grounds to believe that such action would not be in the best interests of the child.
 "[If] the child is not delivered to the custody of the child's parent or other custodian, the child shall forthwith be delivered to a facility or person designated by the secretary [of SRS] or to a court designated shelter facility, court services officer, juvenile intake and assessment worker, licensed attendant care center or other person.
 "(c) Whenever a child . . . is taken into custody by a law enforcement officer without a court order and is thereafter placed in the custody of a shelter facility, court services officer, juvenile intake and assessment worker, licensed attendant care center or other person . . . the facility or person shall have physical custody and provide care and supervision for the child upon the written application of the law enforcement officer." (Emphasis added.)
K.S.A. 1997 Supp. K.S.A. 38-1502 defines "custody" as follows:
 "(m) Custody,' whether temporary, protective or legal, means the status created by court order or statute which vests in a custodian, whether an individual or agency, the right to physical possession of the child and the right to determine placement of the child, subject to restrictions placed by the court." (Emphasis added.)
The aforementioned statutes address what occurs prior to the issuance of a court order. Basically, the law enforcement officer has physical custody of the child until the officer places the child with either the parent or one of the persons or entities listed in K.S.A. 1997 Supp.38-1528. When this transfer occurs, such person or entity has physical custody of the child until an ex parte order is secured which awards protective custody to a person or entity listed in K.S.A. 38-1542 or until a custody order is secured awarding temporary custody to a person or entity listed in K.S.A. 1997 Supp. 38-1543. At either point, the court may award protective or temporary custody to the Secretary. K.S.A.38-1542; K.S.A. 1997 Supp. 38-1543.
We now address your queries.
1. When a child is taken into custody by law enforcement, is the child automatically in the custody of the Secretary? Is law enforcement authorized to place a child in the custody of the Secretary?
When a law enforcement officer has probable cause to believe that a child is in need of care, the officer is authorized to take the child into custody pursuant to K.S.A. 38-1524 and K.S.A. 1997 Supp. 38-1527. As previously mentioned, the officer must then follow the dictates of K.S.A. 1997 Supp. 38-1528 which provide where the child is to be placed pending the issuance of a court order which may then grant protective or temporary custody to the Secretary or another person identified in K.S.A. 38-1542 or K.S.A. 1997 Supp. 38-1543.
K.S.A. 1997 Supp. 38-1528 authorizes a law enforcement officer to deliver a child "forthwith" to one of the following entities or persons, if the child cannot be placed with a parent or custodian: (1) a facility or person designated by the Secretary [of SRS]; (2) a court designated shelter facility; (3) a court services officer; (4) a juvenile intake and assessment worker; (4) a licensed attendant care center; or (5) any other person. K.S.A. 1997 Supp. 38-1528 does not authorize a law enforcement officer to place a child with the Secretary but only with "a facility or person designated by the secretary [of SRS]." This latter provision was added in 1983 and the legislative history indicates that an attempt failed to amend K.S.A. 38-1528 to authorize law enforcement to place a child with SRS. (Attempts also failed to amend K.S.A. 38-1528 to place legal custody of a child with the Secretary but physical custody with a person or an entity other than SRS.) Minutes and Attachments, Senate Judiciary Committee, February 18, 1983; Minutes and Attachments, House Judiciary Committee, March 22, 1983. When K.S.A. 1997 Supp. 38-1528 was amended in 1983 to allow law enforcement to deliver a child to a facility or person designated by SRS, K.S.A. 38-1512 was amended to require SRS to pay the expenses of such child's care and custody.
K.S.A. 1997 Supp. 38-1528 is clear concerning to whom law enforcement can deliver a child and delivery directly to the Secretary is not an option. While K.S.A. 1997 Supp. 38-1528 also authorizes law enforcement to deliver a child to other "persons," we do not believe that the term "person" as used in this context includes the Secretary because the Code uses the terms "person" and "secretary" to mean different things. Eg: K.S.A. 38-1542 and K.S.A. 1997 Supp. 38-1543 (ex parte orders of protective custody and temporary custody orders may award custody of child to a person or the Secretary); K.S.A. 1997 Supp. 38-1563 (after adjudication as a child-in-need-of-care, a court may award custody to "any . . . suitable person" or the Secretary). If the Legislature had intended the term "person" to include the Secretary in K.S.A. 1997 Supp.38-1528, there would have been no need in 1983 to debate the wisdom of authorizing law enforcement to deliver a child directly to the Secretary. Consequently, it is our opinion that law enforcement may deliver a child to a person or facility that has been designated by the Secretary but may not place a child in the custody of the Secretary.
2. If the child is placed by law enforcement in a facility designated by the Secretary, is the Secretary the custodian?
"Custody" is defined in the Code to mean a status that is created either by court order or statute which may be temporary, protective or legal and which gives the custodian the right to physical possession of a child and to determine placement. K.S.A. 1997 Supp. 38-1502(m). Your question assumes that no court order has issued awarding protective or temporary custody of child to the Secretary so the question becomes whether a statute authorizes the Secretary to take custody prior to the issuance of a court order. The relevant statute is K.S.A. 1997 Supp.38-1528 which directs placement of a child by law enforcement with certain designated persons or entities who then take physical custody of the child. As previously indicated, the statute authorizes law enforcement to place custody with "a facility or person designated by the secretary [of SRS]," not with the Secretary. If the Legislature had intended that custody be placed with the Secretary, it could have done so and, in fact, apparently chose not to do so when it had the opportunity in 1983. Therefore, it is our opinion that the Secretary is not statutorily authorized to receive custody of a child from law enforcement absent a court order.
3. May a standing court order automatically place all children taken into police protective custody in the custody of the Secretary?
K.S.A. 1997 Supp. 38-1528 requires law enforcement to deliver a child who appears to be in need of care to the child's parent or custodian unless it would not be in the best interests of the child, in which case the child may be delivered to certain designated persons or entities. A standing court order that would automatically place all children taken into police protective custody in the custody of the Secretary would violate this statute because the Secretary is not one of the designated persons or entities authorized to receive physical custody of a child and, in any event, that would not be the placement of preference as delineated by the statute. A court may award custody of a child to the Secretary pursuant to K.S.A. 38-1542 or K.S.A. 1997 Supp. 38-1543 but certain individualized findings and procedural prerequisites must be followed which would not be present in a standing order.
4. Is the Secretary authorized to take custody of a child absent a written court order?
K.S.A. 38-1542 authorizes the court to issue an ex parte order awarding custody to the Secretary:
 "(a) The court upon verified application may issue ex parte an order directing that a child be held in protective custody and, if the child has not been taken into custody, an order directing that the child be taken into custody.
 "(b)(1) The order of protective custody may be issued only after the court has determined there is probable cause to believe the allegations in the application are true. The order shall remain in effect until the temporary custody hearing provided for in K.S.A. 38-1543 . . . unless earlier rescinded by the court.
 "(c) Whenever the court determines the necessity for an order of protective custody, the court may place the child in the protective custody of: (1) A parent or other person having custody of the child . . . (2) a person, other than the parent . . . who shall not be required to be licensed . . . (3) a youth residential facility; or (4) the secretary. When the child is placed in the protective custody of the secretary, the secretary shall have the discretionary authority to place the child with a parent or make other suitable placement for the child.
 "(d) The order of protective custody shall be served on the child's parents and any other person having legal custody of the child. The order shall prohibit all parties from removing the child from the court's jurisdiction without the court's permission.
 "(e) The court shall not enter an order removing the child from the custody of a parent . . . unless the court first finds from the evidence . . . that reasonable efforts have been made to prevent or eliminate the need for removal of the child or that an emergency exists which threatens the safety of the child and requires the immediate removal of the child. Such finding shall be included in any order entered by the court."
Within 48 hours of a child's being taken into protective custody, the court, after notice and hearing, may issue a temporary order awarding custody to the Secretary after making certain findings that support the custody order. K.S.A. 1997 Supp. 38-1543.
As previously indicated, only the persons or entities listed at K.S.A. 1997 Supp. 38-1528 are entitled to take physical custody of a child and the Secretary is not authorized to receive custody until the court awards custody to the Secretary after making certain findings pursuant to K.S.A. 38-1542 or K.S.A. 1997 Supp. 38-1543. This is in keeping with K.S.A. 1997 Supp. 39-708c(r) which provides that "nothing in this act shall be construed as authorizing any state official, agent or representative, in carrying out the provisions of this act, to take charge of any child over the objections of either of the parents . . . or of the person standing in loco parentis . . . except pursuant to a proper court order." [K.S.A. 39-708c was part of a 1973 enactment that transferred the duties of the county social welfare boards to the state board of social welfare. Courts were then authorized to award custody of neglected and dependent children to the state department of social welfare.]
You indicate that occasionally during the proceedings for an ex parte order or a temporary order, the court verbally awards custody of a child to the Secretary but no written order is issued until several days or weeks later and that, occasionally, SRS employees are not present in the courtroom and are advised by persons who were present that this has occurred.
Assuming that the court has made the findings required by K.S.A.38-1542 or K.S.A. 1997 Supp. 38-1543, if it is not possible for the court to issue an order immediately that comports with the requirements of K.S.A. 38-1542 and K.S.A. 1997 Supp. 38-1543, we believe that the better practice is to issue a brief order that awards custody to the Secretary with a more detailed order containing the requisite findings and conclusions rendered as soon as possible.
Summarizing, it is our opinion that law enforcement is not authorized to place physical custody of children who appear to be in need of care with the Secretary and that placing custody of children with a person or facility designated by the Secretary does not mean that the Secretary has custody. Moreover, a standing court order that automatically places all children taken into police custody in the custody of the Secretary would violate K.S.A. 1997 Supp. 38-1528. Finally, if it is not possible for the court to issue an order immediately that comports with the requirements of K.S.A. 38-1542 and K.S.A. 1997 Supp. 38-1543, we believe that the better practice is to issue a brief order that awards custody to the Secretary with a more detailed order issued at a later date which contains the findings and conclusions required by K.S.A. 38-1542 and K.S.A. 1997 Supp. 38-1543.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm